Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 20-397-ELG |
| | ) | |
| ETS of Washington LLC, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  * | | |
| | ) | |
| DP Capital LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No. 24-10007 |
| | ) | |
| v. | ) | |
| | ) | |
| The District of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Comes now DP Capital LLC ("DPCL" or the "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against the District of Columbia (the "District of Columbia" or the "Defendant") states as follows:

1

## Introduction

1. This adversary proceeding stems from a former Chapter 11 case where ETS of Washington, LLC (the "Debtor") neglected the entity's singular real property asset whilst simultaneously pursuing bad faith litigation to frustrate DPCL's ability to foreclose upon that asset.

2. This Honorable Court granted stay relief, in relatively expedient fashion, and did all that could be done to ensure DPCL be able to take charge of a wasting asset; unfortunately, the Debtor's dilatory litigation tactics prevented DPCL from being able to take clean title to the asset until such a time as a deal was struck with a Chapter 7 trustee almost two-and-a-half years post-petition.

3. During that timespan, the District of Columbia changed the tax classification of the real property commonly known as 2207 Foxhall Road, NW, Washington, DC 20007 (the "Property") – the aforementioned real property asset – from "vacant" to "blighted."

4. This tax reclassification served to transmute the applicable levy from $5.00 per $100.00 of assessed value to $10.00 per $100.00 of assessed value – literally doubling the tax.

5. With the Property being assessed at between $1.3 million and $1.5 million at all times relevant, the Defendant's reclassification resulted in more than $250,000.00 in added taxes being assessed upon the Property.

6. Though DPCL did conduct a foreclosure auction, once so permitted by this Honorable Court, the Plaintiff has refrained from recording a deed at all times relevant, leaving the Debtor with title to the Property and rendering the Property an asset of the Debtor's estate.

7. DPCL accordingly now brings this suit, pursuant to Sections 362 and 505 of Title 11 of the United States Code, asserting (i) the Property is not – and, at all times relevant, was not – blighted; (ii) the District of Columbia's tax reclassification was a violation of the automatic stay

2

set forth in Section 362 (the "Automatic Stay") and is thusly void pursuant to the law of this judicial circuit; and/or (iii) the change in tax classification, during a time when the Debtor was a debtor-in-possession and/or under the helm of a Chapter 7 trustee, constitutes a violation of the doctrine set forth in *Barton v. Barbour* (the "*Barton* Doctrine").

### Parties

8. DPCL is a Delaware limited liability company with its principal place of business being in the Commonwealth of Virginia.

9. The District of Columbia is a territory of the United States, formed pursuant to Article I, Section 8, Clause 17 of the Constitution, being comprised of such lands as were ceded by the State of Maryland and the Commonwealth of Virginia, less those lands subsequently reclaimed by the Commonwealth of Virginia during rebellion.

### Jurisdiction and Venue

10. This Honorable Court enjoys jurisdiction over the instant proceeding, pursuant to the allowances of Section 157(b)(2)(B, K, O) of Title 28 of the United States Code, as this case concerns the allowance of taxes against the Debtor's estate, the determination of liens arising on account of said taxes, and the liquidation of assets of the Debtor's estate.

11. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as this matter relates to a proceeding under Title 11 of the United States Code.

### General Allegations

12. The Debtor is the record title owner of the Property and has been at all times since the Debtor petitioned for bankruptcy relief, pursuant to Section 301 of Title 11 of the United States Code, on September 28, 2020.

13. The District of Columbia maintains a real property tax scheme whereby parcels and their respective improvements are placed into one of four categories: (i) Class 1 – residential real property (including multifamily dwelling units); (ii) Class 2 – commercial and industrial real property (with Class 2 being subdivided into three categories, none of which are relevant to this suit); (iii) Class 3 – vacant real property; and (iv) Class 4 – blighted real property.

14. Class 1 parcels and their improvements are taxed at $0.85 per $100.00 of assessed value; Class 3 parcels and their improvements are taxed at $5.00 per $100.00 of assessed value; and Class 4 parcels and their improvements are taxed at $10.00 per $100.00 of assessed value.

15. This creates a regime whereby the taxes on a parcel deemed "blighted" are more than 1,110% those on residential real property and are 200% those on vacant property.

16. When the Debtor acquired the Property on July 18, 2019, the asset was taxed as Class 3, being vacant.

17. The Class 3 tax classification remained extant through September 28, 2020, when the Debtor sought bankruptcy relief.

18. Commencing in 2021, however, the District of Columbia changed the tax classification of the Property to Class 4, indicating the Property to be blighted.

19. While the Debtor was a poor steward of the Property, and certainly did not afford the asset the variety of care one would expect of an owner, the Property never actually fell into disrepair of a degree requisite to constitute being "blighted" under District of Columbia law.

**Count I – Declaratory Judgment**

20. DPCL repeats and realleges paragraphs 1-19 of this Complaint, as though fully set forth herein.

21. Under District of Columbia law, a property is to be designated a "blighted vacant building" if the Mayor correctly determined that the property was "unsafe, insanitary, or … otherwise [a] threat[] [to] the health, safety, or general welfare of the community" during the tax periods in question, D.C. Code § 41-3131.05(1)(A); here, the property may have been an eyesore in the Foxhall Road, NW community, but it was not unsafe, insanitary, or otherwise a threat to the health, safety, or general welfare of the community.

22. The relevant statutory scheme provides three non-exhaustive criteria for the making of such a determination:

> (i) Whether the vacant building is the subject of a condemnation proceeding before the Board of Condemnation and Insanitary Buildings;
>
> (ii) Whether the vacant building is boarded up; and
>
> (iii) Failure to comply with the following vacant building maintenance standards:
>
>> (I) Doors, windows, areaways, and other openings are weather-tight and secured against entry by birds, vermin, and trespassers, and missing or broken doors, windows, and other openings are covered;
>>
>> (II) The exterior walls are free of holes, breaks, graffiti, and loose or rotting materials, and exposed metal and wood surfaces are protected from the elements and against decay or rust by periodic application of weather-coating materials, such as paint; or
>>
>> (III) All balconies, porches, canopies, marquees, signs, metal awnings, stairways, accessory and appurtenant structures, and similar features are safe and sound, and exposed metal and wood surfaces are protected from the elements by application of weather-coating materials, such as paint.

D.C. Code § 41-3131.05.

23. The Property in this case has never been the subject of condemnation proceedings before the Board of Condemnation and Insanitary Buildings.

24. The Property has been boarded up at all times relevant, so as to ensure doors, windows, areaways, and other openings are weather-tight, secured against entry, and fully covered.

25. The Property's exterior walls have, at all times relevant, been free of holes, breaks, graffiti (excepting paintings upon the boarded window boards, coordinated with the District of Columbia), and loose or rotting materials.

26. All appurtenant structures and similar features have, at all times relevant, been safe and sound, with paint protecting exposed surfaces.

27. There exists an actual controversy between DPCL and the District of Columbia, insofar as DPCL maintains the Property has not been blighted at any time relevant and the District of Columbia maintains to the contrary.

28. This dispute is of a concrete and substantial variety, with an adjudication of the dispute being required to assess the economic burden, *vel non*, occasioned upon the Debtor's estate (and, by extension, DPCL).

29. Inasmuch as the taxes have already been assessed, this dispute is not hypothetical in nature and, instead, manifests in the form of a fully-ripe controversy.

WHEREFORE, pursuant to Section 505 of Title 11 of the United States Code, DPCL respectfully prays this Honorable Court (i) find the Property to have not been blighted at any time since the Debtor sought bankruptcy protection; (ii) determine the amount of the taxes due and owing upon the Property; (iii) enjoin the District of Columbia from levying any tax putatively premised upon the Property being blighted during the pendency of the Debtor's bankruptcy case; and (iv) afford such other and further relief as may be just and proper.

### Count II – Declaratory Judgment

30. DPCL repeats and realleges paragraphs 1-19 of this Complaint, as though fully set forth herein.

31. The condition of the Property did not materially change between the date on which the Debtor sought bankruptcy protection and January 1, 2021 – the date on which the blighted classification became effective.

32. The District of Columbia's election to classify the Property as blighted, commencing in 2021, was thusly the "commencement or continuation . . . of a[n] . . . administrative . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case," in contravention of the Automatic Stay.

33. The District of Columbia's election to classify the Property as blighted, commencing in 2021, was also thusly an act to "create, perfect, or enforce any lien against the property of the estate," in contravention of the Automatic Stay, as levying a tax the municipal authority knew could not be paid would, in turn, automatically give rise to the creation of a lien upon the Property, under District of Columbia law.

34. The District of Columbia's election to classify the Property as blighted, commencing in 2021, was also an act to "assess . . . a claim against the debtor that arose before the commencement of the case," in contravention of the Automatic Stay.

35. There exists an actual controversy between DPCL and the District of Columbia, insofar as DPCL maintains the changed tax classification is void, being a violation of the Automatic Stay, while the District of Columbia maintains the increased taxes to be collectible in nature.

36. This dispute is of a concrete and substantial variety, with an adjudication of the dispute being required to assess the economic burden, *vel non*, occasioned upon the Debtor's estate (and, by extension, DPCL).

37. Inasmuch as the taxes have already been assessed, this dispute is not hypothetical in nature and, instead, manifests in the form of a fully-ripe controversy.

WHEREFORE, pursuant to Section 362 of Title 11 of the United States Code, DPCL respectfully prays this Honorable Court (i) find the changed tax classification to be a violation of the Automatic Stay; (ii) declare the changed tax classification to be void; (iii) enjoin the District of Columbia from levying any tax putatively premised upon the Property being blighted during the pendency of the Debtor's bankruptcy case; and (iv) afford such other and further relief as may be just and proper.

### Count III – Declaratory Judgment

38. DPCL repeats and realleges paragraphs 1-19 of this Complaint, as though fully set forth herein.

39. The condition of the Property did not materially change between the date on which the Debtor sought bankruptcy protection and January 1, 2021 – the date on which the blighted classification became effective.

40. Pursuant to *Barton* and its progeny, any claim against a bankruptcy trustee must either be brought in the court in which said trustee serves or with leave of the subject court.

41. Debtors in possession are regarded as standing in the shoes of bankruptcy trustees.

42. The change in the Property's tax classification, from "vacant" to "blighted," statutorily required an affirmative determination of such be made by the Mayor of the District of Columbia, pursuant to Section 42-3131.05 of the District of Columbia Code.

43. The subject determination constitutes a claim against the Debtor's estate and, by extension, the debtor-in-possession.

44. The District of Columbia did not comply with the *Barton* Doctrine in making the subject claim and determination but, rather, permitted its executive branch to do so unilaterally, without leave of this Honorable Court.

45. There exists an actual controversy between DPCL and the District of Columbia, insofar as DPCL maintains the changed tax classification is void ab initio, being a violation of the *Barton* Doctrine, while the District of Columbia maintains the increased taxes to be collectible in nature.

46. This dispute is of a concrete and substantial variety, with an adjudication of the dispute being required to assess the economic burden, *vel non*, occasioned upon the Debtor's estate (and, by extension, DPCL).

47. Inasmuch as the taxes have already been assessed, this dispute is not hypothetical in nature and, instead, manifests in the form of a fully-ripe controversy.

WHEREFORE, pursuant to Federal Rule of Bankruptcy Procedure 7001(9) and Section 2201 of Title 28 of the United States Code, DPCL respectfully prays this Honorable Court (i) find the changed tax classification to be a violation of the *Barton* Doctrine; (ii) declare the changed tax classification to be void; (iii) enjoin the District of Columbia from levying any tax putatively premised upon the Property being blighted during the pendency of the Debtor's bankruptcy case; and (iv) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                                        Respectfully submitted,

Dated: March 1, 2024        By:    <u>/s/ Maurice B. VerStandig</u>
                                                Bar No. MD18071
                                                The VerStandig Law Firm, LLC
                                                1452 W. Horizon Ridge Pkwy, #665
                                                Henderson, Nevada 89012
                                                Phone: (301) 444-4600
                                                Facsimile: (301) 444-4600
                                                mac@mbvesq.com
                                                *Counsel for the Plaintiff*