Nancy L. Alper, Bar No. 411324
Senior Assistant Attorney General Office
 of the Attorney General for the District of Columbia
400 6th Street, N.W., 9th Floor
Washington, DC 20001
Tel: (202) 724-8122
Email: Nancy.alper@dc.gov

### IN THE UNITED STATES BANKRUPTCYCOURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: <br><br> **ETS OF WASHINGTON, LLC,** <br><br> *Debtor*. | Case No. 20-397-ELG <br><br> Chapter 7 |
| **DP CAPITAL LLC,** <br><br> *Plaintiff*, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** <br><br> *Defendant*. | Adv. Pro. No. 24-10007-ELG |

**RESPONSE OF THE DISTRICT OF COLUMBIA TO SECURED LENDER'S OPPOSITION TO DISTRICT OF COLUMBIA'S MOTION TO DISMISS SECURED CREDITOR DP CAPITAL LLC'S COMPLAINT AND ADVERSARY PROCEEDING WITH PREJUDICE**

COMES NOW the District of Columbia ("District"), by and through counsel, the Office of the Attorney General for the District of Columbia, and files its Response to the Secured Lender's Opposition to the District's Motion to Dismiss Secured Creditor DP Capital LLC's Complaint ("Complaint") and Adversary Proceeding with Prejudice.  In support thereof, the District states as follows:

# I. PARTIES

(2) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States.

(3) Debtor ETS of Washington, LLC ("Debtor") is a limited liability company that owned a single asset real estate located at 2207 Foxhall Road, NW, Washington, DC 20007 (Square 1341; Lot 0855) (the "Property").

(4) DP Capital LLC (the "Secured Creditor" or "DPCL") is a limited liability company with its principal place of business in the Commonwealth of Virginia. In the bankruptcy of Debtor, ETS of Washington LLC ("Debtor"), Bankruptcy Case No. 20-00397, DPCL is a secured creditor.

# II. STATEMENT OF FACTS

## A. Introduction

(5) The District adopts and incorporates by reference herein its entire pleading in its *Motion to Dismiss Secured Creditor DP Capital LLC's Complaint ("Complaint") and Adversary Proceeding with Prejudice* ("Motion to Dismiss"), Adversary Proceeding, Docket Entry No. 5.

## B. Debtor's Bankruptcy Filing and Secured Creditor's Obtaining Legal Title to the Property

(6) On September 28, 2020, Debtor filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101, *et seq*.

(7) The Secured Creditor filed on January 1, 2021, its first Motion for Relief From the Automatic Stay ("Automatic Stay Motion") involving Debtor's property located at 2207 Foxhall Road NW, Washington, DC 20007 ("Property"), the principal asset of Debtor,

Bankruptcy Case No. 20-00397, Docket Entry No. 30, which was denied by the Court on February 4, 2021. Bankruptcy Case No. 20-00397, Docket Entry No. 59.  On January 23, 2021, the Secured Creditor filed its second Automatic Stay Motion, Bankruptcy Case No. 20-00397, Docket Entry No. 47, which was ultimately granted by the Court by Order issued on May 4, 2021.  Bankruptcy Case No. 20-00397, Docket Entry No. 100.  Pursuant to the Court's Order granting the Secured Creditor's Automatic Stay Motion, the Secured Creditor was permitted by the Court to "pursue any and all remedies" against the Property.  Bankruptcy Case No. 20-00397, Docket Entry No. 100 at 2.

(8) The Secured Creditor conducted a foreclosure auction on the Property and was the highest bidder.  By conducting a foreclosure, the Secured Creditor extinguished Debtor's interest in the Property which was transferred to the Secured Creditor.  *See* Debtor's *Opposition to District of Columbia's Motion to Dismiss Secured Creditor DP Capital LLC's Complaint and Adversary Proceeding With Prejudice* ("Opposition to Motion to Dismiss"), Adversary Proceeding No. 24-10007, Docket Entry No. 8 at 9.

(9) Approximately three years after the Secured Creditor foreclosed on the Property and became the legal owner of the Property, on March 1, 2024, the Secured Creditor filed an Adversary Proceeding against the District of Columbia seeking declaratory and injunctive relief from the District's designation of the Property as blighted pursuant to D.C. Official Code § 47-812(b-10)(2).  Adversary Proceeding No. 24-10007.

(10) On April 5, 2024, the District filed its Motion to Dismiss, Adversary Proceeding No. 20-00397, Docket Entry No. 5, and on April 8, 2024, the Secured Creditor filed its Opposition to Motion to Dismiss.  Adversary Proceeding No. 24-10007, Docket Entry No. 8.

## IV. ARGUMENT

### A. Bankruptcy Jurisdiction Is Not Present in This Adversary Proceeding

(11) The issue presented by the Secured Creditor's Adversary Proceeding constitutes a dispute between two parties, the Secured Creditor and the District, who are non-debtor parties in this bankruptcy case. The dispute concerns the Property, which the Secured Creditor foreclosed upon thereby extinguishing Debtor's interest in the Property which was transferred to the Secured Creditor.  The Secured Creditor has repeatedly declared that it holds the legal interest in the Property.  Adversary Proceeding No. 24-10007, Opposition, Docket Entry No. 8 at 9.  As the Secured Creditor stated in its Opposition:

> [N]ot only does DPCL (the Secured Creditor) hold a deed of trust on the Property (a literal legal interest therein) but, as noted *passim*, DPCL (the Secured Creditor) has conducted a foreclosure action upon the Property and was therein the high bidder.  It would defy reason to suggest that DPCL (the Secured Creditor ) does not have a cognizable interest in the asset.

Adversary Proceeding No. 24-10007, Opposition, Docket Entry No. 8 at 9.

(12) The Secured Creditor asserts in its Complaint that "(it) has refrained from recording a deed at all times relevant, leaving the Debtor with title to the Property and rendering the Property an asset of the Debtor's estate." Adversary Proceeding No. 24-10007, Complaint, Docket Entry No. 1, Par. No. 6 at 2.

(13) However, contrary to the Secured Creditor's assertions, the Property is not an asset of Debtor's estate and has not been an asset of Debtor's estate since approximately 2021 when the Secured Creditor foreclosed on the Property[1] and extinguished Debtor's interest therein.  As

---

[1] It should be noted that the Secured Creditor failed to allege facts in its Complaint initiating this Adversary Proceeding surrounding its foreclosure on the Property, including *inter alia* the date of the foreclosure, its location, and any participants in the auction.

the Secured Creditor has declared, it is the legal title holder and owner of the Property. Indeed, the Secured Creditor cannot have it both ways. It cannot declare that it has the legal interest in the Property, but make the contradictory argument that because it has not recorded the foreclosure with the District of Columbia Recorder of Deeds, the Debtor "(holds) title to the Property (which) renders the Property an asset of the Debtor's estate." Adversary Proceeding No. 24-10007, Complaint, Docket Entry No. 1, Par. No. 6 at 2.

(14) As the Ninth Circuit stated in *In re Lemco Gypsum, Inc.*, 910 F.2d 784 (9th Cir. 1990):

> [W]hen property is sold … with the approval of the court, the buyer acquires title clear of all claims in bankruptcy. Such property may not be hauled back into the estate. . . . **The fact that property was once owned by a bankrupt does not supply federal jurisdiction of all future disputes concerning the property**.

*Id.*, at 788 – 789 (emphasis supplied).

(15) Accordingly, given the Secured Creditor's assertion that it foreclosed on the Property thereby extinguishing Debtor's interest therein and that it has the legal interest in the Property, the Property is no longer an asset of the Debtor's estate. As a result, this Honorable Court does not have jurisdiction over the Secured Creditor's dispute with the District involving the change in the Property's tax classification that occurred three years ago. *See In re Perez*, 2019 Bankr. LEXIS 3462 at 5 (Bankr. P.R. November 6, 2019) ("bankruptcy courts do not have jurisdiction over disputes between non-debtor parties where the dispute does not involve property of the estate, does not affect administration of the estate, or will not affect recovery of creditors under a confirmed plan.")

(16) As the Ninth Circuit stated in *In re Lemco Gypsum, Inc.*, *supra*:

> [T]his dispute is about rights incident to the ownership of real property, a question of state law.  **Such disputes should be decided by a state court; state law supplies the rule of decision for disputes concerning property transferred from bankrupts**.

*Id.*, at 789 (emphasis supplied).

### B. State Law, Not Bankruptcy Law, Governs the Issues Involved in this Adversary Proceeding Between Two Non-Debtor Parties; and the Secured Creditor Violated District Law Which Requires Recordation of Legal Title to Real Property

(17) District law requires that within 30 days of execution of a deed or other document by which legal title to real property is transferred, the transferee must record a copy of the deed with the District of Columbia Recorder of Deeds.  As D.C. Official Code § 47-1431 provides:

> **(a)**  Within 30 days after the execution of a deed or other document by which legal title to real property, an estate for life or a lease or ground rent (including renewals) for a term that is at least 30 years, or an economic interest in real property is transferred, or after a security interest in a real property is given pursuant to a construction loan deed of trust or mortgage or a permanent loan deed of trust or mortgage, or by which a security interest in the real property is conveyed, all transferees of, and all holders of the security interest in, real property shall record a fully acknowledged copy of the deed or other document, including the lot and square number of the real property transferred or encumbered, with the Recorder of Deeds of the District of Columbia. . . .

(18) The Secured Creditor, however, did not comply with District law.  As the Secured Creditor admitted, it "[r]efrained from recording a deed at all times relevant," Adversary Proceeding, Complaint, Docket Entry No. 1, Par. No. 6, believing it was leaving the Debtor with title to the Property and causing the Property to remain an asset of the Debtor's estate.  The clear motivation of the Secured Creditor in refusing to record its deed it received upon foreclosure was an attempt to use the bankruptcy process to evade paying the real property taxes due on the

Property in order to allege at some point in the future that the District had violated the automatic stay.

(19) Under District law, the result of the Secured Creditor's foreclosure on the Property is the extinguishing of Debtor's interest with all rights, title and interest in the Property residing with the Secured Creditor. And as the legal title holder, as the Secured Creditor asserts, the Secured Creditor was required to comply with District law and record its deed within 30 days of the transfer. Because the Secured Creditor did not record the deed, the Secured Creditor is the legal owner of the property, but is not the holder of a recorded deed.  D.C. Official Code § 47-1433 sets forth fines for violation of the recordation requirement.

(20) The purpose of designating a property as a "blighted vacant building" under D.C. Code § 42-3131.05(1) is to identify properties that "threaten the health, safety, or general welfare of the community," and the increased tax rate is to encourage property owners to alleviate the blighted conditions.[2]

(21) The District has a detailed statutory scheme to challenge determinations that a real property is Class 3 Property (vacant) or Class 4 Property (blighted vacant). *See* D.C. Code §§ 47-812(b-10)(1)-(2), -813(c-8)(4)-(5) (defining Class 3 Property and Class 4 Property and establishing corresponding tax rates). This process first requires administrative appeal to the Mayor (DCRA/DOB as agent), then to the Real Property Tax Appeals Commission, and then filing an appeal to the Tax Division of the Superior Court after first paying the disputed taxes. *See id.* §§ 42-3131.15 and 47-825.01a(e)(1)(B), (g)(2); *see also id.* § 47-3303 (requiring payment of the taxes as a jurisdictional prerequisite to challenging classification in Superior

---

[2] Arguably, designating a property as vacant and blighted under District law comes within the governmental unit exercise of police and regulatory power exception to the automatic stay with the purpose of protecting public health and safety.

7

Court); *id.* §§ 11-1201 and -1202 (exclusive jurisdiction of Tax Division over tax petitions). This process is mandatory and may not be circumvented through any other provision of law. *See id.* § 47-813(d-1)(4A)-(4B) (expressly stating that Class 3 Property and Class 4 Property determinations can be appealed only through the statutory process identified here "notwithstanding any other provision of law").

(22) These are the procedures that the Secured Creditor should have followed after the foreclosure.

(23) Accordingly, since the Property was foreclosed by the Secured Creditor thereby extinguishing Debtor's interest in the Property, the Property is no longer an asset of Debtor's estate. As many bankruptcy and appellate courts have found, *see e.g.*, *In re Lemco Gypsum, Inc.*, *supra*, this Honorable Court does not have jurisdiction in this Adversary Proceeding regarding a dispute involving state law between non-debtor parties that does not affect the administration of Debtor's bankruptcy case. This Honorable Court should prevent the Secured Creditor from hauling back into the estate property that was transferred out of the Debtor's estate approximately three years ago, and dismiss the Secured Creditor's Adversary Proceeding.

WHEREFORE, the District requests that this Honorable Court dismiss the Secured Creditor's Adversary Proceeding with prejudice and for such other and further relief as the Court deems just.

Date: June 13, 2024                     Respectfully Submitted,

                                              BRIAN SCHWALB
                                              Attorney General for the District of Columbia

                                              DAVID FISHER
                                              Deputy Attorney General
                                              Commercial Division

                    /s/ William Burk
WILLIAM BURK, D.C. Bar No. 325274
Chief, Land Acquisition and Bankruptcy Section


                    /s/ Nancy L. Alper
NANCY ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Commercial Division
Office of the Attorney General for the District of Columbia
400 6th Street, N.W.
Washington, DC 20001
*Attorneys for the District of Columbia*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing District's *Response to Secured Creditor's Opposition to District of Columbia's Motion to Dismiss Secured Creditor DP Capital LLC's Complaint and Adversary Proceeding* was filed and served electronically using the Court's ECF System on the 13th day of June, 2024.

                    /s/ Nancy L. Alper
                    Nancy L. Alper