**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General for**
**the District of Columbia**
**400 6th Street, N.W., 9th Floor**
**Washington, DC 20001**
**Tel: (202) 724-8122**
**Email: Nancy.alper@dc.gov**

## IN THE UNITED STATES BANKRUPTCYCOURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**ETS OF WASHINGTON, LLC,**<br><br>*Debtor*. | Case No. 20-397-ELG<br><br>Chapter 7 |
| **DP CAPITAL LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>*Defendant*. | Adv. Pro. No. 24-10007-ELG |

## ANSWER

COMES NOW the District of Columbia ("District"), by and through counsel, the Office of the Attorney General for the District of Columbia, and answers the Complaint filed in this Adversary Proceeding as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claims are prohibited by the District of Columbia's anti-injunction act, D.C. Official Code § 47-3307.

**Third Defense**

At all times herein, Defendant acted reasonably and lawfully, in accordance with all applicable constitutional, statutory, regulatory, and other legal requirements of any kind.

**Fourth Defense**

Defendant is immune from liability under the public duty, discretionary function, judicial, qualified, good faith, absolute, and/or governmental immunity doctrines.

**Fifth Defense**

All actions performed by the District of Columbia, its officials, employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care and any contractual obligation.

**Sixth Defense**

Defendant reserves the right to rely on any other defenses which may become available through further investigation or discovery, as well as the right to withdraw any defenses previously raised herein, or to amend any responses to demonstrate that there is no basis for said defense or response to such allegations.

**Seventh Defense**

Answering the allegations contained in the Amended Complaint, paragraph by paragraph, Defendant District of Columbia admits and denies or otherwise answers as follows:

1. Defendant neither admits nor denies the allegations contained in Paragraph 1, as Defendant has insufficient information.

2. Defendant states that with regard to the allegations contained in Paragraph 2, the record of the bankruptcy proceeding of Debtor speak for themselves.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant states that with regard to the references to various statutory provisions cited in Paragraph 4, the statutory provisions speak for themselves.

5. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 5.

6. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 6.

7. Defendant admits that the Secured Creditor filed this Adversary Proceeding against it but denies the remaining allegations contained in Paragraph 7 since they call for legal conclusions.

8. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 8.

9. Defendant District of Columbia admits that it is a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States.

10. Defendant admits that the references to various statutory provisions cited in Paragraph 10 speak for themselves.  Defendant denies the remaining allegations in Paragraph 10 since they call for legal conclusions.

11. Defendant states that with regard to the references to various statutory provisions cited in Paragraph 11, the statutory provisions speak for themselves.

12. Defendant states that allegations in Paragraph 12 regarding the record title owner of the Property are set forth in the records of the District of Columbia Recorder of Deeds.

13. Defendant states that with regard to the references to various statutory provisions cited in Paragraph 13, the statutory provisions speak for themselves.

14. Defendant states that with regard to the references to various statutory provisions cited in Paragraph 14, the statutory provisions speak for themselves.

15. Defendant states that with regard to the allegations cited in Paragraph 14, the statutory provisions governing the assessment of taxes depending upon the tax classification speak for themselves.

16. Defendant admits the allegations contained in Paragraph 16.

17. Defendant admits the allegations contained in Paragraph 17.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 19 regarding Debtor's stewardship of the Property. Defendant denies the remaining allegations contained in Paragraph 19.

20. Defendant states that the allegations contained in Paragraph 20 do not require a response.

21. Defendant states that with regard to the references to various statutory provisions cited in Paragraph 21, the statutory provisions speak for themselves. Defendant denies the remaining allegations contained in Paragraph 21.

22. Defendant states that with regard to the references to various statutory provisions cited in Paragraph 22, the statutory provisions speak for themselves.

23. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant has insufficient information regarding the ownership of the Property to admit or deny the allegations regarding whether there is an actual controversy between DPCL, the Secured Creditor, and the District of Columbia contained in Paragraph 27.  Defendant denies the remaining allegations contained in Paragraph 27 that the Property is not blighted at any time relevant.

28. Defendant neither admits nor denies the allegations contained in Paragraph 28 since they call for legal conclusions.

29. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 29.

30. Defendant states that the allegations contained in Paragraph 30 do not require a response.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant neither admits nor denies the allegations contained in Paragraph 36 since they call for legal conclusions.

37. Defendant neither admits nor denies the allegations contained in Paragraph 37 since they call for legal conclusions.

38. Defendant states that the allegations contained in Paragraph 38 do not require a response.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant neither admits nor denies the allegations contained in Paragraph 40 since they call for legal conclusions.

41. Defendant neither admits nor denies the allegations contained in Paragraph 41 since they call for legal conclusions.

42. Defendant states that with regard to the references to a statutory provision cited in Paragraph 42, the statutory provisions speak for themselves.

43. Defendant neither admits nor denies the allegations contained in Paragraph 43 since they call for legal conclusions.

44. Defendant neither admits nor denies the allegations contained in Paragraph 44 since they call for legal conclusions.

45. Defendant neither admits nor denies the allegations contained in Paragraph 44 since they call for legal conclusions.

46. Defendant neither admits nor denies the allegations contained in Paragraph 46 since they call for legal conclusions.

47. Defendant neither admits nor denies the allegations contained in Paragraph 47 since they call for legal conclusions.

Defendant denies each and every other allegation contained in the Amended Complaint that has not herein been expressly admitted or denied.

Date: July 1, 2024.

                Respectfully submitted,

                BRIAN L. SCHWALB
                Attorney General for the District of Columbia

                DAVID FISHER
                Deputy Attorney General
                Commercial Division

                _____/s/ William Burk_____
                WILLIAM BURK, DC Bar No. 464349
                Section Chief

                _____/s/ Nancy L. Alper_____
                NANCY ALPER, MD Bar No. 04221
                Senior Assistant Attorney General
                Land Acquisition and Bankruptcy Section
                441 4th Street, N.W., Suite 1010S
                Washington, DC  20001
                (202) 724-8122

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing *Answer of the District of Columbia* was filed and served electronically using the Court's ECF System on 1st day of July, 2024:

                _____/s/ Nancy L. Alper_____
                      Nancy L. Alper