Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 20-397-ELG |
| | ) | |
| ETS of Washington LLC, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | ) | |
| DP Capital LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No. 24-10007 |
| | ) | |
| v. | ) | |
| | ) | |
| The District of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION**

Comes now DP Capital LLC ("DPCL"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37, and moves to compel the District of Columbia (the "District of Columbia" or the "Defendant") to respond to DPCL's document requests herein (the "Document Requests"), and to make a full production of responsive documents, and in support thereof states as follows:

1

**I.     Introduction**

This is a relatively simply motion: DPCL issued the Document Requests, to the District of Columbia, on December 29, 2024. More than two months later, the Defendant has not responded—at all—to the discovery and has not produced so much as a single page of responsive records. This is despite DPCL having agreed, *after* the response deadline elapsed, to give the District of Columbia additional time; even that extended deadline has now passed, as has the further extended deadline sought by the District of Columbia but never formally agreed to by DPCL.

To be sure, this is not a case where there is some dispute as to the validity of objections lodged by the Defendant; the Defendant has not responded, at all, to discovery, much less lodged any objections. Nor is this a case where the scope of a production is contested; the Defendant has not produced a single document or record. This is, rather, a case where the Defendant appears to be altogether ignoring its obligations under the rules governing discovery. And this motion is, unfortunately, accordingly necessitated.

**II.     Relevant Facts**

1. On December 29, 2024, DPCL issued the Document Requests to the District of Columbia. *See* Document Requests, attached hereto as Exhibit A; E-mail to Counsel, attached hereto as Exhibit B.

2. Pursuant to governing rules, the Defendant's responses and production of documents were then due on January 28, 2025. *See* Fed. R. Civ. P. 34(b)(2).

3. With no response or production having been received, counsel for DPCL wrote to counsel for the District of Columbia, on January 31, 2025, inquiring as to the status of a production and offering a modest extension of time if needed. *See* E-mail to Counsel, attached hereto as Exhibit C.

4.      Counsel for the parties had a good faith discovery conference on February 10, 2025, wherein DPCL agreed to give the District of Columbia to and through February 21, 2025 to respond to the Document Requests and to "make a fulsome production of documents." *See* E-mail to Counsel, attached hereto as Exhibit D.

5.      On February 20, 2025, counsel for the District of Columbia wrote to counsel for DPCL, requesting an additional week of time. *See* E-mail to Counsel, attached hereto as Exhibit E.

6.      While DPCL did not formally consent to the last extension of time sought by the District of Columbia, DPCL did forbear—past the one-week extension date sought by the Defendant—from bringing this motion, in hopes responses would be served and a document production would be made.

7.      As of the filing of this motion, the District of Columbia is yet to respond to the Document Requests or produce any documents whatsoever.

**III.    Standard**

Federal Rule of Civil Procedure 37 is applicable in adversary proceeding such as this. Fed. R. Bankr. P. 7037. That rule, in turn, allows, *inter alia*:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iv) a party fails to produce documents or fails to respond that inspection will be permitted— or fails to permit inspection—as requested under Rule 34. . .

Fed. R. Civ. P. 37(a)(3)(B).

While the same rule does provide for a host of available sanctions where, as here, a party has completely failed to abide by its discovery obligations, DPCL elects to not seek any such sanction as of present. DPCL does, however, reserve all such rights should the District of Columbia

fail to abide by an order of this Honorable Court compelling responses to the Document Requests and a production of responsive documents.

  **IV.** **Argument: The District of Columbia Should be Compelled to Respond to the Document Requests and to Produce Responsive Records**

  Insofar as the District of Columbia has completely failed to respond to the at-issue discovery requests, and insofar as DPCL is seeking only an order compelling the Defendant to do what the Defendant was already bound to do under governing rules, this motion is relatively straightforward. For whatever reason, the District of Columbia has chosen to ignore its obligations under Rule 34, even with generously agreed-upon extensions of time, and DPCL is thusly compelled to ask this Honorable Court to order compliance.

  It bears notation that in the District of Columbia Circuit, a party's failure to timely object to discovery constitutes a waiver of any and all objections thereto. *See, e.g.*, *Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 494 (D.D.C. 2022) (" . . . a party that fails to respond to proper discovery requests within the time allotted by either the federal rules or separate agreement may waive their objections to that discovery. . . . 'While [the rule governing RFPs] lacks similar waiver provisions, this Circuit has applied the waiver provision applicable to interrogatories under Rule 33 to document requests.' . . . '[W]aiver [of discovery objections] is not a sanction—it is simply a consequence of failing to abide by the Federal Rules of Civil Procedure.'") (quoting and citing *Caudle v. District of Columbia*, 263 F.R.D. 29, 33 (D.D.C. 2009); quoting *Sanders v. District of Columbia*, 2008 WL 11389163, at *2 (D.D.C. Apr. 16, 2008)).[1]

  With all objections having been waived, the 30 days to respond—as well as each extension thereafter sought by the District of Columbia—having elapsed, and nothing whatsoever having

---

[1] As noted by the *Nasreen* court, there is a limited exception to this waiver, insofar as privileged materials are concerned. DPCL, however, is not seeking any documents within the ambit of the attorney/client privilege, so this exception is inapplicable *sub judice*.

4

been produced, it is clear that an order compelling discovery is appropriate. And it is deeply unfortunate that the Defendant—a major American city—has shown such indifference to the rules of this Honorable Court as to necessitate the filing of this motion in the first instance.

### V.     Conclusion

WHEREFORE, WCP respectfully prays this Honorable Court (i) order the District of Columbia to respond to the Document Requests and make a complete production of documents, within five (5) business days of the date of entry of an order; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 9, 2025     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for DP Capital LLC*

### RULE 37 CERTIFICATION

I HEREBY CERTIFY that I have in good faith conferred with counsel for the District of Columbia, in an effort to obtain discovery without the necessity of this motion. The e-mails attached hereto as Exhibits B, C, and D evidence these efforts, which included formally giving the District of Columbia an extension—of several weeks—to respond to the discovery requests, and then informally acceding to the District of Columbia's subsequently-requested extension by forbearing from filing this motion.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of March, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig
