The order below is hereby signed.

Signed: March 31 2025

Elizabeth L. Gunn
U.S. Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 20-00397-ELG |
| ETS of Washington LLC, <br> Debtor. | Chapter 7 |
| DP Capital LLC, <br> Plaintiff, <br><br> v. <br><br> The District of Columbia, <br> Defendant. | Adv. Pro. 24-10007-ELG |

## SCHEDULING ORDER

This Scheduling Order sets forth the following deadlines for the trial on the Complaint (ECF No. 1) and documents related thereto:

1. **Discovery.** The deadlines set forth herein may not be modified except by further order of this Court. The Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Local Bankruptcy Rules shall apply to discovery in this matter, unless modified herein or by further other of the Court.

a. **Discovery Deadline.** The deadline for the parties to complete non-expert discovery is **July 31, 2025**. All written discovery requests (including interrogatories, requests for production, and depositions based upon written questions) shall be made at a sufficiently early date to assure that the time for response expires before the discovery completion deadline.

b. **Expert Discovery Deadlines.** The parties shall make the expert witness disclosures required by Fed. R. Civ. Pro. 26(a)(2) except rebuttal expert witness disclosures, not later than **May 30, 2025**. Rebuttal expert witness disclosures shall be made no later than **June 30, 2025**.

2. **Settlement Conference**. Counsel and/or unrepresented parties shall hold at least one settlement conference after the discovery deadline and before the final pre-trial conference to try to settle this matter or narrow issues for determination at trial.

3. **Dispositive Motions.** All dispositive motions shall be filed on or before **August 29, 2025**. Responses shall be filed within 21 days of the dispositive motion, and replies, if any, shall be filed within 14 days of the filing of the response. The last day for hearings on dispositive motions shall be **October 1, 2025 at 10:00 a.m.** Parties may schedule a hearing prior to this date, but no earlier than 7 days following the filing of the last responsive brief pursuant to Local Bankruptcy Rule 9013-1.

4. **Final Pretrial Conference.** A final pretrial conference will be held on **October 1, 2025 at 10:00 a.m.**, at which a trial date will be scheduled, and deadlines set for filing and exchanging lists of trial witnesses and exhibits and pre-trial statements. The final pretrial conference will take place both in Courtroom 1 of the E. Barrett Prettyman U.S. Courthouse, 333

Constitution Avenue, N.W., Washington, D.C. 20001 and remotely by videoconference using Zoom for Government. Parties should contact the Court's [courtroom deputy](#) prior to the hearing for Zoom instructions.

5.  **Protective Order.** Prior to filing any motion, the parties shall meet and confer as to whether a protective order is necessary to protect the disclosure of confidential or proprietary information during discovery. In the event the parties cannot agree upon whether a protective order is necessary and/or agree on the terms of the protective order after conferring in good faith, a party may seek an order from the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

6.  **Availability of Mediation**. The Court encourages the parties to meet and consult with each other to achieve settlement. The use of mediation as an alternative dispute resolution process in all adversary proceedings, contested, and other matters is authorized. A motion for Court approval of non-judicial or neutral mediation is not required. However, such mediation shall not alter any deadlines in an applicable scheduling order absent further order of the Court. The parties should refer to Local Bankruptcy Rule 9019-2 as to alternative dispute resolution options and procedures for participating in the Circuit Court of Appeals' Mediation Program or by judicial mediation.

7.  **Settlement**. If the parties reach a settlement, they shall promptly file a motion pursuant to Bankruptcy Rule 9019 and Local Bankruptcy Rule 9019-1 requesting approval of the settlement.

8.  **Jurisdiction**. Any party not consenting to the entry of a final order by the Bankruptcy Court shall file a motion to withdraw the reference or for other appropriate relief within 30 days of the entry of this Scheduling Order and promptly set the motion for a hearing.

4

The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Court.

[Signed and dated above.]

Copies to: All counsel of record; the Defendant/Debtor.