Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 20-397-ELG |
| | ) | |
| ETS of Washington LLC, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| | ) | |
| DP Capital LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No. 24-10007 |
| | ) | |
| v. | ) | |
| | ) | |
| The District of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT OR, IN THE
ALTERNATIVE, TO HOLD THE DISTRICT OF COLUMBIA IN CONTEMPT**

Comes now DP Capital LLC ("DPCL"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37, and moves for entry of a default judgment herein or, in the alternative, to hold the District of Columbia in contempt of court, and in support thereof states as follows:

I.     **Introduction**

The District of Columbia appears either unwilling or unable to abide by this Honorable Court's prior discovery order in this case. Despite being compelled to produce documents not later

than April 10, 2025, and despite being found to have waived all non-privilege-centric objections, the municipality is yet to produce a single document and has elected to interpose myriad objections suggesting such a production—at least in part—will not be forthcoming. Given the city's sophistication and resources, these actions and inactions necessarily strike not as the latest in an ongoing series of errors and mishaps but, rather, as something palpably grimmer: an open and direct unwillingness to abide by the rules governing discovery and this Honorable Court's topical order.

The Federal Rules of Civil Procedure contemplate situations such as this, where a party is simply disinclined to honor its litigation obligations even after being compelled to do so. And where, as here, that party's noncompliance is absolute, and that party lacks any of the traditional protestations of lacking organized records or the personnel requisite to marshal those records, it is appropriate to impose a sanction in the form of an order of default or, at minimum, a finding of contempt. Such is certainly true in this case.

**II.    Relevant Facts**

1.    On December 29, 2024, DPCL issued requests for the production of documents (the "Document Requests") to the District of Columbia. *See* Document Requests, attached hereto as Exhibit A.

2.    Pursuant to governing rules, the Defendant's responses and production of documents were then due on January 28, 2025. *See* Fed. R. Civ. P. 34(b)(2).

3.    Despite numerous good faith efforts to allow the District of Columbia to respond to the Document Requests and to make a production, no such responses or production were forthcoming, with DPCL ultimately having to file a motion to compel the same (the "Motion to Compel," as found at DE #26).

2

4. This Honorable Court granted the Motion to Compel and directed the District of Columbia to respond to the Document Requests, and to "make a complete production of documents . . . saving and excepting any documents protected by the attorney/client privilege, not later than the close of April 10, 2025." Order, DE #27.

5. On April 10, 2025, the District of Columbia furnished responses to the Document Requests (the "Responses")—sort of. *See* Responses, attached hereto as Exhibit B.

6. The Responses interpose myriad objections other than ones rooted in the attorney/client privilege. *Id*.

7. The Responses contain a link to a document production, *id.* at p. 2, but the link is not to a source document located on the internet, instead pointing toward the city's internal computer network through use of an address inaccessible to persons not operating on the subject network, *id.*.

8. This issue was brought to the attention of the District of Columbia within a few hours of the responses being furnished yet, some seventeen days later, the issue still has not been remedied and no production has been made.

9. Specifically, on April 10, 2025, a good faith letter was sent to counsel for the District of Columbia—after the Responses were conveyed to DPCL—noting these issues. *See* Good Faith E-mail, attached hereto as Exhibit C.

**III.   Standard**

Federal Rule of Civil Procedure 37 is applicable in adversary proceeding such as this. Fed. R. Bankr. P. 7037. That rule, in turn, allows, *inter alia*:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) , 35 , or 37(a) , the court where the action is pending may issue further just orders. They may include the following:

3

>   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>   (iii) striking pleadings in whole or in part;
>
>   (iv) staying further proceedings until the order is obeyed;
>
>   (v) dismissing the action or proceeding in whole or in part;
>
>   (vi) rendering a default judgment against the disobedient party; or
>
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.. . .

Fed. R. Civ. P. 37(b)(2)(A).

### IV.   Argument: Entry of an Order of Default is Appropriate

There are two separate but related problems with the Response: (i) some seventeen days later, the District of Columbia is yet to produce a single responsive document; and (ii) the Response makes evident that even if responsive documents were produced, they would be well short of what has been ordered by this Honorable Court. The municipality is, quite plainly, choosing to limit its own discovery obligations in a manner contravened by the subject order and equally at odds with governing law. And where, as here, there is such a willful and wanton disregard for a court order, the appropriate sanction is one of an order of default.

The first issue is rather plain: this Honorable Court directed documents be produced by April 10, 2025 and, as of the filing of this motion, not a single document has been produced. DPCL assumed technological issues to be rooted in good faith (perhaps naively) and indicated no objection would stem from the errant link so long as documents were promptly produced. Yet, more than two weeks later, there still has not been any production of documents whatsoever.

The second issue is only marginally more nuanced. Even if a document production were to be made, the District of Columbia has affirmatively indicated that such would not be nearly

4

compliant with this Honorable Court's order, as the city has (i) chosen to unilaterally limit the scope of various requests to a certain department within the city, as opposed to the whole city government; (ii) indicated at least two requests will not be met with any production whatsoever; and (iii) ignored the very governing case law established by the District of Columbia itself.

In responses to document requests 2, 4 and 5, the city has indicated that it will produce records "in the possession of the District of Columbia Department of Buildings," with similar verbiage also being used in connection with request 3. *See* Responses, attached hereto as Exhibit B. Yet the District of Columbia Department of Buildings is not the defendant in this case, nor is it even clear that the District of Columbia Department of Buildings has the capacity to sue or be sued. Rather, the defendant herein is the District of Columbia. And limiting a document search to one agency of the city government (to the express exclusion of, *inter alia*, the Office of Tax and Revenue, in a case that centers on a tax issue) is simply nonsensical. Such is tantamount to suing the Walt Disney Company and seeking all internal e-mails related to a given subject, only to receive a response indicating that e-mails will be produced only from the accounts of employees working at the French pavilion in EPCOT.

Worse, in response to requests 7 and 8, the District of Columbia has indicated that it simply will not produce any documents whatsoever. *Id.* This is not an objection limited to the withholding of privileged documents (which, as observed *passim*, would be completely fine so long as a privilege log was also produced); this is a *carte blanche* objection to the production of *any* documents—even after this Honorable Court has found such an objection to be waived.

Compounding the chutzpah, and as observed in the Motion to Compel, the case law from which a waiver of other objections is drawn emanates from proceedings to which the District of Columbia was itself a party. *See, e.g.*, *Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489,

5

494 (D.D.C. 2022) (" . . . a party that fails to respond to proper discovery requests within the time allotted by either the federal rules or separate agreement may waive their objections to that discovery. . . . 'While [the rule governing RFPs] lacks similar waiver provisions, this Circuit has applied the waiver provision applicable to interrogatories under Rule 33 to document requests.' . . . '[W]aiver [of discovery objections] is not a sanction—it is simply a consequence of failing to abide by the Federal Rules of Civil Procedure.'") (quoting and citing *Caudle v. District of Columbia*, 263 F.R.D. 29, 33 (D.D.C. 2009); quoting *Sanders v. District of Columbia*, 2008 WL 11389163, at *2 (D.D.C. Apr. 16, 2008)). Manifestly, the District of Columbia was a party to both the *Caudle* and *Sanders* cases and, as such, is presumptively familiar with the waiver doctrine. Yet, for reasons wholly unknown, the city is electing to not merely ignore that case law *sub judice* but, worse, to also ignore the plain language of this Honorable Court's order.

As noted by the United States Court of Appeals for the District of Columbia Circuit, a trial court is *not* required to impose a lesser discovery sanction prior to entering a default, though an order of default must be moored to some case-specific reasoning:

> . . . a district court need not exhaust other options before dismissing a suit or imposing a default judgment. But a district court may not rely on its inherent power to impose a sanction of either default or dismissal without explaining why lesser sanctions were likely to be ineffective.

*Shepherd v. ABC*, 62 F.3d 1469, 1479 (D.C. Cir. 1995) (citing *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1169-70 (D.C. Cir. 1981); *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994); *Aoude v. Mobil Oil Corp*., 892 F.2d 1115, 1118 (1st Cir. 1989). *See also Webb v. District of Columbia,* 146 F.3d 964, 971 (D.C. Cir. 1998) ("In *Shea v. Donohoe Construction Company*, 795 F.2d 1071 (D.C. Cir. 1986), we set forth three basic justifications that support the use of dismissal or default judgment as a sanction for misconduct. First, the court may decide that the errant party's behavior has severely hampered the other party's ability to present his

6

case--in other words, that the other party 'has been so prejudiced by the misconduct that it would be unfair to require him to proceed further in the case.' Second, the court may take account of the prejudice caused to the judicial system when the party's misconduct has put 'an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay.' And finally, the court may consider the need 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.' A sanction imposed pursuant to any of these considerations must be based on findings supported by the record.") (citing *Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996)); *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 7 (D.C. Cir. 2015) ("First, Rodberg argues that the district court had a duty to impose a lesser sanction before opting for default judgment. We have repeatedly rejected this proposition.") (citing *Webb*, 146 F.3d at 971; *Shepherd*, 62 F.3d at 1479).

      Using the three criteria discussed by the *Webb* and *Shea* Courts, the District of Columbia's conduct has—rather clearly—hampered DPCL's ability to present a case. This suit concerns the city's (i) wrongful classification of real estate as "blighted" for tax purposes, (ii) knowing violation of the automatic stay set forth in Section 362 of Title 11 of the United States Code, and (iii) equally-knowing violation of the *Barton* doctrine. Yet, without any discovery, DPCL cannot show that the city regularly taxes comparable parcels as being merely "vacant" and not "blighted." Nor can DPCL explore why certain elections were made with the parcel at issue in this case. Nor can DPCL delve into the criteria used by the city in making such classifications. Nor can DPCL explore the city's notes from a review of the property. Nor can DPCL show the degree, *vel non*, of the city's cognizance of the underlying bankruptcy case in electing to disregard the automatic stay. And, equally, DPCL will need discovery—including the e-mails the municipality is refusing to

produce—to show the contravention of the *Barton* doctrine was undertaken with cognizance of the bankruptcy (as opposed to merely being a byproduct of the city not having a proper system in place to guard against actions in contravention of bankruptcy law).

There is, similarly, a burden on account of the city's discovery noncompliance. With DPCL *still* yet to receive any documents whatsoever, it is genuinely difficult to fathom discovery will not need to be extended in this case. Once documents are received, DPCL will need to analyze them to craft appropriate interrogatories. And once interrogatories are answered, DPCL intends to take depositions. Yet without any production whatsoever, DPCL does not even know which person(s)' knowledge to explore through interrogatories, much less who to summon for deposition. And with discovery set to close scantly two months after a hearing on this motion, it now seems ever more unlikely the once-generous schedule can be abided without a request for further delay.

Compounding the issue, delays such as this necessarily *favor* the District of Columbia. Not only does a defendant intrinsically benefit from being able to further put off an adjudication on the merits but, in this case, delays allow the city to continue assessing interest and penalties for unpaid taxes. DPCL cannot close on the trustee's asset sale and record a deed until the tax issue is resolved, yet the longer this case pends the larger the taxes—even once properly classified—will be. The city is literally profiting off of its intransigence.

Still, it is the third criterion— the "need 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future'"—that strikes as most compelling. The District of Columbia is a sophisticated sovereign actor that regularly appears in this Honorable Court and sister courts. This is not a small business unaccustomed to the burden of discovery or a natural person without the resources to compensate counsel to review documents. And the city's lack of a production, and interposing of objections already found to be waived, make clear this is an

8

*intentional* violation of this Honorable Court's order. This is not a situation where some ambiguity exists in one or more requests and the parties need to hammer out the grey area; this is a situation where the District of Columbia has simply decided to ignore the Federal Rules of Civil Procedure, governing case law (which it helped make), and this Honorable Court's plain order. And it is thusly difficult to conceive of a more egregious fact pattern, with the present posture striking as being openly "disrespectful to the court" and demanding of deterrence, *Webb,* 146 F.3d at 971.

For these reasons, DPCL believes a sanction in the form of a default order to be appropriate. All DPCL seeks in this case is a finding that a certain parcel of property ought to be taxed as vacant and not blighted; DPCL does not seek a waiver of taxes, a vacation from taxes, or any monetary recovery whatsoever. So even a "victory" will mean DPCL is bound, upon recording a deed, to pay a hefty sum in taxes. And a judgment of default will permit that to occur sooner rather than later, giving DPCL certainty and giving the District of Columbia an attentive property owner that can begin the process of developing a parcel that has too-long loitered in a trustee's possession.

However, should this Honorable Court find a lesser sanction to be appropriate, DPCL would urge a finding of civil contempt—pursuant to Rule 37(b)(2)(A)(vii)—to be the second-most-fitting sanction. And if a finding of civil contempt is to be entered, DPCL believes such should be purged only through (i) the prompt making of a *complete* production of documents; (ii) reimbursement of DPCL's attorneys' fees incurred in connection with this discovery dispute (as also permitted by Rule 37(b)(2)(C)); and (iii) the District of Columbia's affirmative abatement of taxes (including penalties and interest), on the subject property, for a period of time equal to the duration from when discovery responses first came due (January 28, 2025) through the date on which complete responses and a complete production are actually given.

9

**V.     Conclusion**

WHEREFORE, WCP respectfully prays this Honorable Court (i) enter an order of default in favor of DPCL, and against the District of Columbia, on the complaint herein, DE #1; (ii) in the alternative, hold the District of Columbia in contempt of court and allow such contempt to be purged on the terms and conditions discussed *supra*; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 27, 2025        By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for DP Capital LLC*

**RULE 37 CERTIFICATION**

I HEREBY CERTIFY that I have in good faith conferred with counsel for the District of Columbia, in an effort to obtain discovery without the necessity of this motion. Such efforts included those outlined in the Motion to Compel and were continued through the good faith communication attached hereto as Exhibit C.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of April, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig