# Mac VerStandig

| | |
|---|---|
| **From:** | Mac VerStandig |
| **Sent:** | Thursday, April 10, 2025 8:26 PM |
| **To:** | nancy.alper@dc.gov |
| **Cc:** | Christianna Cathcart |
| **Subject:** | DP Capital v. District of Columbia, Case No. 24-10007-ELG (Bankr. D.D.C. 2024) |

Ms. Alper,

I have had occasion to review the District of Columbia's responses to my client's document requests in the above-referenced matter. While I have not yet had occasion to review the accompanying production of documents (due to what I understand to be a purely technological error on your client's part, and for which I do not ascribe any fault to your client, realizing the documents will be produced tomorrow), I would be remiss to not express deep concerns about the responses to the document requests. These concerns are addressed sequentially below.

First, it appears the District of Columbia has interposed a non-privilege-based objection to every single request. As you are aware, the time for the District of Columbia to object to requests elapsed in January, with only privilege-based objections having survived the initial response date (or, at most, the agreed-upon extension date consented to shortly thereafter). This reality is evidenced not merely by the court's order compelling the District of Columbia to make a "complete production of documents," other than those "protected by the attorney/client privilege," but, too, by well-established precedent. *See, e.g., Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 494 (D.D.C. 2022) (" . . . a party that fails to respond to proper discovery requests within the time allotted by either the federal rules or separate agreement may waive their objections to that discovery. . . . 'While [the rule governing RFPs] lacks similar waiver provisions, this Circuit has applied the waiver provision applicable to interrogatories under Rule 33 to document requests.' . . . '[W]aiver [of discovery objections] is not a sanction—it is simply a consequence of failing to abide by the Federal Rules of Civil Procedure.'") (quoting and citing *Caudle v. District of Columbia*, 263 F.R.D. 29, 33 (D.D.C. 2009); quoting *Sanders v. District of Columbia*, 2008 WL 11389163, at *2 (D.D.C. Apr. 16, 2008)).

I would note that your client is necessarily aware of this, too. Indeed, not only does the order compelling production state, quite plainly, that solely privilege-based objections are preserved but, too, your client was literally a party to the *Caudle* and *Sanders* cases. So to see your client disregard the bankruptcy court's order, as well as clear precedent, is exceedingly disappointing and, candidly, confounding.

Second, it appears that your client is only indicating an intent to produce documents and records "in the possession of the District of Columbia Department of Buildings," at least as to requests 2, 4 and 5, with similar language being utilized in connection with request 3. Further, the response to request 9 appears to be limited to the records held by the District of Columbia Department of Buildings. This necessarily invites concern that the District of Columbia – the defendant in this lawsuit and the party to whom these document requests were directed – has not actually searched its complete records and responded on behalf of itself but, rather, has unilaterally elected to delegate such to a subdepartment of the defendant. Such is, of course, facially improper; it is not the Department of Buildings that is being sued (nor am I confident the Department of Buildings so much as has the capacity to sue or be sued), nor were the requests limited to the Department of Buildings.

Third, it appears the District of Columbia is not producing any documents whatsoever in response to requests 7 and 8, as an outgrowth of an objection being asserted. This necessarily falls within the ambit of the first point, noted *supra*, but I would be remiss to not observe that the District of Columbia was ordered to make a full production of documents not later than today. While I certainly do not hold the technological issue against the defendant, I am exceedingly concerned that the defendant apparently believes it not merely has a right to object to requests (when that right has been waived) but, too, a right to unilaterally withhold records on account of such an objection.

The foregoing considered, I ask that you please transmit revised responses to the document requests, alongside a complete production of documents from the whole of the District of Columbia government, not later than the close of business on Friday, April 11, 2025, as memorialized by the cessation of regular trading on the New York Stock Exchange. Should your client fail to do so, DP Capital will pursue appropriate relief in the bankruptcy court, including sanctions under Rule 37.

For want of ambiguity, this is a good faith communication pursuant to Rule 37. Please do not hesitate to call me directly if you wish to further discuss this matter.

Regards,

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
Phone: (301)444-4600
Cell: (240)351-6442
Facsimile: (301)444-4600
mac@mbvesq.com

Nevada Mailing Address:
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012

Maryland Mailing Address:
9812 Falls Road, #114-160
Potomac, Maryland 20854

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.