**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General for**
**the District of Columbia**
**400 6th Street, N.W., 9th Floor**
**Washington, DC 20001**
**Tel: (202) 724-8122**
**Email: Nancy.alper@dc.gov**

**IN THE UNITED STATES BANKRUPTCYCOURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No. 20-397-ELG |
| **ETS OF WASHINGTON LLC,** | Chapter 7 |
| *Debtor*. | |
| **DP CAPITAL LLC,** | **Adv. Pro. No. 24-10007-ELG** |
| *Plaintiff*, | |
| v. | |
| **DISTRICT OF COLUMBIA,** | |
| *Defendant*. | |

**OBJECTION OF THE DISTRICT OF COLUMBIA TO**
**SECURED CREDITOR DP CAPITAL LLC'S MOTION FOR**
**ENTRY OF DEFAULT JUDGMENT OR, IN THE ALTERNATIVE**
<u>**TO HOLD THE DISTRICT OF COLUMBIA IN CONTEMPT**</u>

COMES NOW the District of Columbia ("District"), by and through counsel, the Office of the Attorney General for the District of Columbia, and files its Objection to Secured Creditor DP Capital LLC's Motion for Entry of Default Judgment or, in the Alternative to Hold the District of Columbia in Contempt ("Secured Creditor's Default Motion"). In support thereof, the District states as follows:

## I. JURISDICTION

(1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 1104, *et seq*. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

(2) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States.

(3) Debtor ETS of Washington, LLC ("Debtor") is a limited liability company that owned a single asset real estate located at 2207 Foxhall Road, Washington, DC 20007 (SSL: 1341/0855) (the "Property").

(4) DP Capital LLC (the "Secured Creditor" or "DPCL") is a limited liability company with its principal place of business in the Commonwealth of Virginia. In the bankruptcy of Debtor ETS of Washington LLC ("Debtor"), Bankruptcy Case No. 20-00397, DPCL is a secured creditor.

## III. ARGUMENT

(5) Using hyperbolic language, the Secured Creditor has filed a Default Motion against the District for its alleged refusal to produce documents requested in the Secured Creditor's First Requests for Production to Defendant ("Document Requests").

(6) The District was responsive to the Secured Creditor's reasonable document requests, including producing 250 documents, despite objecting to the scope of the production requests. Indeed, the Secured Creditor's request to "produce all emails sent to any address at

the 'dc.gov' domain, relating to certain words or phrases . . ." including ETS of Washington and 2207 Foxhall among other entities is overly broad.

(7) The "dc.gov" domain includes all agencies of the Government of the District of Columbia, including the District of Columbia Department of Human Services, which handles the District's supplemental nutritional assistance program, child services, and affordable housing rent subsidies; the District of Columbia Department of Employment Services, which handles *inter alia* unemployment insurance taxes for employers, unemployment claims filed by District residents; the District of Columbia Department of Public Schools, which deals with issues involving public and charter schools in the District; the Department of Corrections, which oversees the District prisons; and the list continues of District agencies, all of which have the "dc.gov" domain.   By requiring the District to produce any and all documents and emails associated with the "dc.gov" domain, the Secured Creditor is engaging in a fishing expedition.  Such production demands are questionable as to their relevance.

(8) The issue in this Adversary Proceeding concerns the narrow issue of the tax classification of the Property and real property taxes owed on the Property as a consequence of that tax classification.  There are only two District of Columbia Government agencies involved in the tax classification of real property and collection of taxes: the District of Columbia Office of Tax and Revenue ("OTR") and the District of Columbia Department of Buildings ("DOB").

(9) Specifically, under the District tax laws, general property classifications for real property tax purposes are handled by OTR pursuant D.C. Official Code § 47-813(c), which authorizes the mayor to classify property for taxation — authority that has been delegated to OTR.  However, when it comes to the classification of properties as vacant or blighted, the

responsible agency is DOB, under D.C. Official Code § 42-3131.06.  DOB conducts inspections and makes these determinations, which in turn trigger the application of elevated tax rates by OTR under D.C. Official Code § 47-813(d).  These classifications are further governed by regulations in 14 DCMR 4100-4101 and may be appealed to the Office of Administrative hearings.

(10) By using "dc.gov" in its request for the production of documents related to search terms including ETS of Washington and 2207 Foxhall, the Secured Creditor is seeking documents from District of Columbia Government agencies that have questionable relevance to the issues involved in the Secured Creditor's Adversary Proceeding.  Moreover, the Secured Creditor did not provide specific email addresses to search, which would enable a more focused search.

(11) In response to the Secured Creditor's April 10, 2025, email attached to Secured Creditor's Default Motion, *see* Docket Entry No. 33-3, bankruptcy counsel for the District responded to the email and called bankruptcy counsel for the Secured Creditor.  While counsel for the District explained to counsel for the Secured Creditor that the Secured Creditor's document requests were overly broad, lacked relevance, and were not proportional to the needs of the case, counsel stated that the Secured Creditor would be filing a Default Motion and no further discussion ensured.

(12) Rule 37 of the Federal Rules of Civil Procedure, Fed. R. Civ. Pro. R. 37, as made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. Pro. R. 7037, provides as follows:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or

discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(13) As the bankruptcy court stated in *In re Thurmond*, 452 B.R. 863 (Bankr. N.D. Fla 2011),

> Fed. R. Bankr. P. 7037(a)(1) permits a party to "move for an order compelling disclosure or discovery" and the motion to compel "**must include a certification that the movant has in good faith conferred or attempted to confer** with the person or party failing to make disclosure or discovery, in an effort to obtain it without court action.

*Id*. at 865 – 866 (emphasis supplied).

(14) The Secured Creditor did not include a certification that it conferred or attempted to confer with the District in its Default Motion. Indeed, the Secured Creditor made no attempt to confer. Instead, the Secured Creditor rushed to file its Default Motion thereby engendering more attorney's fees and costs, which resulted in a frivolous expenditure of government resources to respond to a court filing without its attempting to resolve overly broad discovery requests without court action.

WHEREFORE, the District requests that this Honorable Court deny the Secured Creditor's Default Motion, order a discovery schedule that includes "meet and confer" dates in order to resolve discovery issues without court action, and for such other and further relief as the Court deems just.

Date: May 5, 2025.

        Respectfully submitted,
        BRIAN L. SCHWALB
        Attorney General for the District of Columbia

        DAVID FISHER
        Deputy Attorney General

          /s/ William Burk
WILLIAM BURK, D.C. Bar No. 325274
Chief, Land Acquisition and Bankruptcy Section

          /s/ Nancy L. Alper
NANCY L. ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Land Acquisition and Bankruptcy Section
400 6th Street, N.W., 9th Floor
Washington, D.C. 20001
(202) 724-8122

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2025, I caused a copy of the foregoing **Objection to Secured Creditor DP Capital LLC's Motion for Entry of Default Judgment or, in the Alternative to Hold the District of Columbia in Contempt** to be filed and served electronically using the Court's ECF System.

          /s/ Nancy L. Alper
NANCY L. ALPER, D.C. Bar No. 411324